James vs. Ward.

---

CASE 57—PETITION ORDINARY—SEPTEMBER 29.

# James vs. Ward.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Prior to the adoption of the Criminal Code there was no statutory provision in force in this State authorizing the courts, where the punishment was confinement in the penitentiary, to render a judgment ordering the term of imprisonment to commence at a future period, or after the expiration of a previous period of confinement.

2. In September, 1852, a prisoner was found guilty by a verdict on two indictments for separate felonies, and assessing his punishment in each case to confinement in the State penitentiary for a period of five years. The court rendered this judgment thereon: "It is considered by the court that the prisoner be confined in the jail and penitentiary house of this Commonwealth to hard labor for the *space of five years upon each indictment*." *Held*—That the legal effect of the judgment is, that the prisoner should be confined for five years only; that such confinement should be upon each indictment; and that both terms of five years should commence and terminate simultaneously.

T. N. & D. W. LINDSEY, for appellant, cited *Act of* 1798, *sec.* 21, 2 *Stat. Law*, 1305 ; *Act of* 1798 *to amend the penal laws*, 2 *Stat. Law*, 1266 ; *Allen vs. Miller*, *MS. opinion of Supreme Court of Indiana;* 12 *B. Mon.*, 550.

JAMES HARLAN, for appellee, cited 4 *Cranch's Cir. Court Rep.*, 271.

James vs. Ward.

G. W. CRADDOCK, on same side, cited *Chitty's Criminal Law*, side page, 718 ; *Wharton's Amer. Crim. Law, sec.* 414.

A. J. JAMES, on same side, cited 4 *Burr.*, 2577–8 ; 1 *Chitty's Crim. Law,* 718, *and note* (1); 4 *Rawle,* 259 ; 1 *Archbold's Crim. Practice and Pleading, page* 183 *and note* (*i*) ; *Ib., page* 185–6.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

This action for false imprisonment was brought against the keeper of the State penitentiary by the appellant.

The appellee filed an answer, in which he alleged that the appellant was properly retained in custody under a judgment of the Woodford circuit court, rendered at its September term, 1852, on a verdict finding him guilty on two indictments for separate felonies, and assessing his punishment in each case to confinement in the State penitentiary for a period of five years. The judgment was alleged to be in the following terms, viz : "It is considered by the court that the prisoner be confined in the jail and penitentiary house of this Commonwealth to hard labor for the *space of five years upon each indictment.*"

The plaintiff's demurrer to this answer having been overruled by the court below, and judgment rendered in bar of his action, he has appealed to this court.

The legal effect of the judgment of the Woodford circuit court is the only question to be determined. If it be a judgment which only requires for its satisfaction a confinement in the penitentiary during the space of five years, and not for ten years, as contended, then, the five years having elapsed, it did not authorize the retention of the appellant as a convict at the time the action was brought, and the judgment appealed from must be reversed.

At the time the judgment of the Woodford circuit court was rendered, there was no statutory provision in force in this State authorizing the courts, where the punishment was confinement in the penitentiary, to render a judgment, ordering the term of imprisonment to commence at a future period. Since that time the Criminal Code has been adopted, and it contains a provision that if the defendant be convicted of two or more offenses, the punishment of each of which is confinement, the

judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others. (*Sec.* 282.)

Unless, therefore, the courts had the power, independently of any statutory provision on the subject, no authority existed for the rendition of such a judgment. To prove the existence of such a power we have been referred to cases at common law, where the prisoner was charged with several offenses of the same kind at the same time, and was sentenced to several terms of imprisonment, one to commence after the conclusion of the others.

But it may be remarked, that in all these cases the punishment by imprisonment was, by law, at the discretion of the court. The time that the prisoner was to be confined was not determined by the jury, but, upon his being found guilty of the offense contained in the indictment, his punishment was discretionary with the court, and the term of his imprisonment was fixed by it. The court, having the power to prescribe the length of time the imprisonment was to continue, might sentence the prisoner to several terms of imprisonment in succession, (where he was charged with several offenses,) because it could inflict the same amount of punishment upon him, in each case, separately. Thus, in the celebrated case of *Rex vs. Wilkes*, (4 *Burrows*, 325,) in which the prisoner was prosecuted for a libel and found guilty, the punishment being fine and imprisonment, at the discretion of the court, he was sentenced to twelve months imprisonment, to commence at the expiration of the ten months to which he had been previously sentenced by the court for a similar offense; and it was decided, upon an appeal to parliament, that the judgment was authorized by law. The reason upon which that decision was founded is obvious. The court, in pronouncing the judgment in the second case, could have sentenced the prisoner to one year and ten months imprisonment, from the time the judgment was rendered, and, having that power, there could be no reasonable objection to the judgment as rendered, inasmuch as the same degree of punishment could have been inflicted by the court by rendering the judgment in a different form.

These cases, however, bear no analogy to this. In this one, the extent of the confinement had to be assessed by the jury, within the periods prescribed by law as the punishment for the offense, and the court could only render a judgment in conformity with the verdict. The statute regulating the punishment of offenses by confinement in the penitentiary, evidently contemplated that the confinement should commence immediately after the judgment, and the court had no power, prior to the late change in the law, to postpone its commencement until the expiration of a previous period of confinement. Where a person was convicted a second time of a felony—the punishment of which was confinement in the penitentiary—the court had the power to sentence him to be confined for double the time of the first conviction. Judgment, in such cases, could not, however, be given for the increased penalty, unless the fact of the former conviction was found by the jury. And, in such cases, the time of confinement was merely prolonged, but its commencement was not postponed until a future period.

Whatever, therefore, may have been the intention of the court in rendering a judgment that the prisoner should be confined for the *space* of *five years* upon *each indictment*, the *legal effect* of the judgment is, that he shall be confined only for five years; that such confinement shall be upon each indictment, and that both terms of five years shall commence and terminate at the same periods.

It was decided by the supreme court of Indiana, in the case of the *Warden of the Indiana State Prison vs. Bennet Allen*, that in the absence of any statutory provision authorizing it to be done, the courts have no authority to order a term of imprisonment in the penitentiary to commence at a future period. And the judgment in that case having been rendered on two several charges, the punishment for each of which was two years imprisonment in the penitentiary, and the court by which it was rendered having ordered that one of the terms should commence at the expiration of the other, the order to that effect was regarded as a nullity, and it was determined that it stood as an ordinary judgment, to be carried into effect as in

other cases. Consequently, that as the prisoner was sentenced to imprisonment for two years on each of two several indictments, and had been two years in the State prison, he had not. only served out the time fixed by one sentence, but he had undergone the full penalty inflicted by the other.

As there was no statute in force in this State, at the time the judgment against the prisoner was rendered, providing that, in such cases, one term of imprisonment should commence at the expiration of the other, the judgment must be construed as sentencing the prisoner to five years' imprisonment only, and having served five years in the penitentiary, he has undergone the punishment to which he was sentenced, both the terms having commenced and ended simultaneously. The judgment relied upon in the answer does not, therefore, authorize his imprisonment, and the court below erred in overruling the plaintiff's demurrer to the answer.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.